# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DARRELL E. BROWN, SR., | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:11-CV-168-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| ROBERT TOOLE, | : |
| Defendant. | : |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff Brown, presently an inmate at Wilcox State Prison in Abbeville, Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted. However, the Court recommends dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff brings this action claiming he was acquitted by a jury of the crimes for which he is currently incarcerated. Specifically, he claims that in May 2004, he was sentenced to 25 years in jail despite the jury's acquittal. (Compl. 5.) He brings this action against Defendant Robert Toole, warden of Wilcox State Prison, claiming that he told Defendant Toole of his innocence and that Defendant Toole has continued to

incarcerate him in violation of his constitutional rights. That Defendant Toole is "privy to the illegal and void sentence and conviction which is contrary to the state and federal constitution substantive due process clauses." (Compl. 5.)

## DISCUSSION

I. **Plaintiff's Motion to Proceed IFP**

Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison

2

account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, the Court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) which similarly requires the Court to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

"The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Id.*

### B. Plaintiff's Complaint Should be Dismissed

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

*1. May 2004 Sentence*

Initially, to the extent that Plaintiff is attempting to bring an action for events that occurred in May 2004, those claims should be dismissed because they have been asserted outside the statute of limitations. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). For § 1983 actions arising out of events which occurred in Georgia, the statute of limitations is two years. *Taylor v. Nix,* 240 F. App'x 830, 835 (11th Cir. 2007). A statute of limitations begins to run when a cause of action accrues—in other words, "when the fact which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff claims that his constitutional rights were violated, and he was injured, when a judge sentenced him to 25 years in prison in May 2004 despite a jury finding of acquittal. Thus, Plaintiff's action accrued in May 2004 for any claims arising solely out of that incident. Plaintiff brought this action in May 2011, five years after the statute of limitations expired. The liberal construction that is granted *pro se* litigants in filing complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. *See Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) ("Liberal construction does not mean liberal deadlines.") (internal quotation marks and

citation omitted). Because the statute of limitations has expired, Plaintiff has failed to state a claim and any asserted claims arising out of the May 2004 sentence should be dismissed.

### 2. *Claims against Robert Toole in his official and individual capacities*

Plaintiff is also asserting claims against Defendant Toole, his current warden, for not releasing him after Plaintiff told Defendant Toole of his alleged innocence. The Complaint shows that Plaintiff began his incarceration at Wilcox State Prison in approximately February 2010. Thus, the statute of limitations has not expired for claims asserted solely after his transfer to Wilcox State Prison.

However, Plaintiff has failed to state a claim for relief as against Defendant Toole. Plaintiff brings this action solely for a violation of his substantive due process rights. However, Plaintiff has no substantive due process right to a hearing or investigation by Defendant Toole after he was given a trial by a jury and sentenced by a judge to serve twenty-five years.[1] "Arresting officers and those responsible for maintaining custody of detainees are not constitutionally required to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1562 (11th Cir. 1993). Plaintiff has consequently failed to allege that he was deprived of a right, privilege, or immunity

---

[1] The Court notes that Plaintiff did have a right to an appeal, which he alleges was filed and his sentence affirmed. (Compl. 1.) Plaintiff has also filed for state and federal habeas relief, which relief has been denied or dismissed. *See generally Brown v. Roberts*, No. 1:08-cv-3404, slip. op., (May 22, 2009) (adopted Sept. 24, 2009) (discussing previous state habeas filings by Plaintiff and dismissing Plaintiff's federal habeas petition).

secured by the Federal Constitution or laws of the United States and has failed to state a claim upon which relief may be granted. Plaintiff's Complaint should be dismissed.

## CONCLUSION

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* is GRANTED. Furthermore, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 4th day of May, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE